

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

December 11, 1973

The Honorable Tom Hanna
Criminal District Attorney
P. O. Box 2553
Beaumont, Texas 77704

Opinion No. H- 182

Re: Meaning of "general election"
in § 5(b), Article 5154C-1,
V. T. C. S., the Fire and Police
Employee Relations Act.

Dear Mr. Hanna:

Your request for an opinion concerns whether the term "general election" as used in the Fire and Police Employee Relations Act, Art. 5154c-1, V. T. C. S., (Acts 1973, 63rd Leg., ch. 81, p. 151) refers to the November election or whether it refers to the last election held in a particular city. Section 5(b) deals primarily with the necessary requisites for the Act to be adopted by a city, town, or political subdivision. This section states in part:

> "Upon receiving a petition signed by the lesser of five percent or 20, 000 of the qualified voters voting in the <u>last preceding general election in such city, town, or political subdivision</u>, the governing body of such city, town or political subdivision shall hold an election within 60 days after said petition has been filed with such governing body. " (emphasis added)

The relevance of the distinction lies in the number of persons voting in the applicable election, and therefore, the number of signatures required to petition a local option election under the statute.

In <u>Greenwood v. City of El Paso</u>, 186 S. W. 2d 1015, 1016 (Tex. Civ. App., El Paso, 1945, no writ), the court considered the meaning of "general election" in Art. 3162, V. T. C. S., which provided:

"Independent candidates for office at a county, city
or town election may have their names printed upon the
official ballot on application to the county judge, if for a
county office, or to the mayor, if for a city or town office,
such application being in the same form and subject to the
same requirements herein prescribed for applications to be
made to the Secretary of State in case of State or district
independent nomination; <u>provided, that a petition of five
per cent of the entire vote cast in such county, city or
town at the last general election shall be required for such
nomination.</u> " (emphasis added)

The court's analysis proceeded as follows:

"The question posed is: does the term 'last general
election' as applied to this case mean the City Election . .
. or the General Election of the 7th day of November . . .
. In determining this question, the intention of the legislature
must be the sole guide. . . "

"The words 'general election' would, standing alone,
mean the state-wide election held in pursuance of general
law every two years, which election is for the selection
of state, district, county, and precinct offices. This is
a popular meaning of the term. It is a fundamental rule
of statutory construction that unless some good reason
appears to the contrary, words used in the statute would
be construed by the courts in accordance with their popular
and generally understood meaning. . . ."

\* \* \*

"A general election is held in November every two
years in each city and county of the state. True, no city
officials are chosen at such election, but the voters voting
in the city at such general election are ordinarily qualified
voters in the next city election. It was a matter of judgment

for the legislature as to whether the standard of the last
city election should be used or that of the last general
election.  In our opinion, it shows [chose] the latter
standard. "

The court noted statutes in which the legislature demonstrably chose
to state "general city or town election" or "regular city election, " and
distinguished the meaning of those terms from that of "general election"
as used in the Fire and Police Employee Relations Act.

Article 1269m, V. T. C. S. , creating the firemen's and policemen's
civil service in cities over 10, 000, conditioned the local option election
upon petition of ten per cent of the number voting in "the preceding
municipal election" in § 27(a).

Additionally, Art. 2. 01, V. T. C. S. , Texas Election Code,
provides in part:

"A general election shall be held on the first Tuesday
after the first Monday in November, A. D. 1964, and every
two years thereafter, . . . "(emphasis added)

It is our opinion that "general election" in Art. 5154c-1 § 5(b) refers
to the statewide November election held every two years and not to the
municipal election.

### SUMMARY

Under Art. 5154c-1, § 5(b) (Acts 1973, 63rd. Leg. ,
ch. 81, p. 151), "general election" refers to the November
election and not to the municipal election.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee